```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

            -against-                    MEMORANDUM AND ORDER
                                         92-CR-1008(JS)
FREDERICK PUGLISI,

                  Defendant.
----------------------------------X
APPEARANCES
For the Government:  Monica K. Castro, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     271 Cadman Plaza East
                     Brooklyn, NY 11201

For the Defendant:   Frederick Puglisi, pro se
                     #40202-053
                     Pollock U.S. Penitentiary
                     Inmate Mail/Parcels
                     P.O. Box 2099
                     Pollock, LA 71467
```

SEYBERT, District Judge:

Pending before the Court is Defendant Frederick Puglisi's ("Defendant") pro se Motion for Reconsideration and Resentencing pursuant to 18 U.S.C. § 3582. (See Def.'s Mot., Docket Entry 943.) Defendant asks the Court to reduce his current sentence of life imprisonment to a term of three hundred sixty (360) months of imprisonment. The Government opposes the motion and argues that the Court should not exercise its discretion to reduce the sentence. The Court defers decision and orders a hearing for the reasons set forth below.

BACKGROUND

From the end of the 1980's through 1992, Defendant "ran an extensive narcotics based RICO enterprise responsible for the transport and distribution of hundreds of thousands of dollars of marijuana in New York." (See Def.'s Mot. at 2; see also Gov't's Opp., Docket Entry 948, at 1.)  Ultimately, Defendant proceeded to a jury trial in the Eastern District of New York. On February 14, 1995, Defendant was convicted of the following charges: racketeering in violation of 18 U.S.C. § 1962(c); racketeering conspiracy in violation of 18 U.S.C. § 1962(d); conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1); possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); and use of a communication device to facilitate a narcotics transaction in violation of 21 U.S.C. § 843(b).  See Puglisi v. United States, 586 F.3d 209, 211 (2d Cir. 2009).  The jury was unable to reach a decision as to the remaining charges, which included murder and conspiracy to kidnap and murder in order to increase or maintain position in the racketeering enterprise in violation of 18 U.S.C. §§ 1959(a)(1) & (5); use and possession of firearms in relation to crimes of violence and drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1); and receiving or possessing defaced firearms in violation of 18 U.S.C. § 922(k).  Id.

Thereafter, Defendant was sentenced on April 25, 1997. (See Sentencing Tr., Gov't's Opp., Ex. B, Docket Entry 948-2.) Prior to sentencing, it was determined that Defendant's base offense level was 36 with a Criminal History Category II, and his total offense level was 42 with a Sentencing Guidelines range of 360 months to life. See Puglisi, 586 F.3d at 212; see also Gov't's Opp. at 3. Additionally, the Court found clear and convincing evidence that showed Defendant was the perpetrator of the murder and kidnapping-related charges on which the jury could not reach a decision; this finding was taken into consideration when determining sentence.

At the sentencing proceeding, the Court explained that it considered the probation report, the addendum to the probation report, letters on behalf of Defendant, letters from the deceased victim's family, and the trial transcript before determining sentence. (Sentencing Tr. 34:12-35:22.) Defense counsel made a statement, arguing for either a sentence at the lower range of the Sentencing Guidelines recommendation or a below-Guidelines sentence. (Sentencing Tr. 75:2-75:6.) Further, defense counsel asked the Court to consider that Defendant did not have a lengthy criminal history, that Defendant believed the victims posed a danger to him and his family, and that he had a supportive family. (Sentencing Tr. 69:7-75:7.) Defendant made statements on his own behalf, apologizing for his conduct, attempting to provide context

3

for the criminal events, expressing regret that he had not cooperated with the Government, and arguing that those who testified against him were not telling the truth about his acts of violence. (Sentencing Tr. 75:13-78:15, 81:24-90:16.) The Government asked the Court to impose a life sentence, arguing that Defendant knew the potential risks of his chosen drug-related enterprise, and that he had sought violent revenge on others. The Government stated, "the Court is precisely correct when it describes Mr. Puglisi as evil beyond imagination and without hope of rehabilitation." (Sentencing Tr. 78:19-81:11.) Prior to imposing this sentence, the Court emphasized the following:

> Mr. Puglisi, you had a choice. And you decided not to pick up and move and get away from the drug business. You decided to continue in the drug business and you decided, perhaps primarily because of what was done to you and to your family, to get revenge. But you could have chosen, Mr. Puglisi, to leave that money behind and leave that business and pick up and move on. You didn't make that choice.
>
> What you did was for six or more months you stalked these people. You tried to find them. You kept at it. You hired people. You befriended Anthony Latanzi. You brought him in.
>
> And what do I hear on the tape? Do I hear someone who is in fear of their life?
>
> No, I don't. I hear someone who is willing to use every trick in the book to get this person in, to lure him in, to bring him into a situation where three others and yourself attack him.

4

> I see a person who goes out deliberately, plans it in advance, puts handcuffs, brings him into the basement, brings in other people, proceeds for months to track these individuals down, whether they were the right ones or the wrong ones. Someone was going to pay for this.

(Sentencing Tr. 91:17-92:15.) Ultimately, the Court imposed a life sentence, stating "[t]his is not simply a case of just being a marijuana dealer. You were armed. You knew the consequences. And I simply can't do anything less than give you a just sentence, one that really reflects the seriousness of what you have done no matter how you view it." (Sentencing Tr. 94:10-95:10.)

Defendant appealed the Court's judgment and on October 29, 1998, the Second Circuit upheld his conviction and sentence. See United States v. Silvestri, 165 F.3d 15, 1998 WL 777763, at *1 (2d Cir. 1998). Specifically, with regard to this Court's sentence, the Second Circuit "note[d] that the district court calculated Puglisi's sentence on the basis of its own extensive and independent findings of fact, all of which are supported by citations to the record." Silvestri, 1998 WL 777763, at *4. Subsequently, on October 26, 1999, Defendant collaterally attacked his conviction and sentence pursuant to 28 U.S.C. § 2255, which was denied by this Court. See Puglisi, 586 F.3d at 212. Defendant appealed and the Second Circuit affirmed the Court's denial of said motion on November 13, 1999. Id. at 218.

5

On October 10, 2017, Defendant, proceeding pro se, filed the instant motion to reconsider and reduce his sentence pursuant to 18 U.S.C. § 3582(c). (See Def.'s Mot.) In Defendant's motion, he argues that Amendment 782 to the Sentencing Guidelines "modified the base offense levels in the Drug Quantity Table at Section 2D2.1 of the Guidelines, and thereby lowered the sentencing range for drug-related offenses," thus providing this Court the statutory authority to modify his sentence. (Def.'s Mot. at 4-5.) Further, Defendant contends that a consideration of the factors contained in 18 U.S.C. § 3553(a) supports a reduced sentence. (Def.'s Mot. at 5-16.) On February 23, 2018, the Government opposed the motion, conceding that Amendment 782 to the Guidelines makes Defendant eligible for a sentencing reduction, but contending that the facts surrounding Defendant's case do not warrant a reduced sentence. (See Gov't's Opp. at 5-6.)

## DISCUSSION

### I. 18 U.S.C. Section 3582

Section 3582(c) "provides for modification of a sentence in only three specific circumstances," and a defendant "need only show that his case falls within one of these three types of situations" to properly proceed under § 3582. United States v. Maldonado, 138 F. Supp. 2d 328, 331 (E.D.N.Y. 2001). One of the situations is set forth in Section 3582(c)(2), which allows for a modification of a sentence "when there has been an amendment to a

6

relevant provision of the Sentencing Guidelines." United States v. Angelo, No. 02-CR-0743, 2011 WL 5855402, at *2 (E.D.N.Y. Nov. 18, 2011) (citing 18 U.S.C. § 3582(c)(2)). The Supreme Court has explained that § 3582(c)(2) does not establish resentencing proceedings, but "[i]nstead [ ] provides for the modif[ication of] a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the [Sentencing] Commission." Dillon v. United States, 560 U.S. 817, 825, 130 S. Ct. 2683, 2690, 177 L. Ed. 2d 271 (2010) (internal quotations marks and citations omitted; third alteration in original). Accordingly, when considering motions for reconsideration and reduction of sentences pursuant to § 3582(c)(2), courts first determine whether the defendant is eligible for sentence reduction under the limited provisions of § 3582(c). See United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010). "If, and only if," a defendant satisfies one of the § 3582 provisions, courts then consider whether a reduction "is warranted in whole or in part under the particular circumstances of the case." Id. (quoting Dillon, 560 U.S. at 827, 130 S. Ct. at 2692.) In such a scenario, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Court notes that as

7

"Section 3582(c)(2) authorizes only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding, the sentencing court is not free to address . . . arguments regarding [other] errors at [the defendant's] original, now-final sentencing." United States v. Flamenco, No. 07-CR-0327, 2015 WL 5944187, at *1 (E.D.N.Y. Oct. 13, 2015) (internal quotation marks and citations omitted; alterations in original). Further, "in considering whether, and to what extent, a reduction in [a] defendant's term of imprisonment is warranted, the Court must consider, 'the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment,' and may also consider his or her conduct while in prison that occurred after sentencing." Flamenco, 2015 WL 5944187, at *2 (quoting U.S.S.G. § 1B1.10, App. Note 1(B)(ii)).

On November 1, 2014, Amendment 782 altered the Sentencing Guidelines by "modif[ying] the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, thereby lowering the sentencing range for certain drug-related offenses." United States v. Abreu, 155 F. Supp. 3d 211, 213 (E.D.N.Y. 2015) (citing to U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014)). "Amendment 788 to the Guidelines provides that Amendment 782

8

applies retroactively to defendants sentenced before its effective date." Id.

Both Defendant and the Government agree that Amendment 782 is applicable to the Defendant's sentencing range. (See Def.'s Mot. at 4-5; Gov't's Opp. at 4.) The Court agrees. Applying the modified Drug Quantity Table to the Defendant's sentence, his new base offense level is 34, with a final offense level of 40, and the Sentencing Guidelines range is 324-405 months of imprisonment. (See Def.'s Mot. at 5; Gov't's Opp. at 4.) Accordingly, the Defendant is eligible for sentence reduction under § 3582(c)(2). See 18 U.S.C. § 3582(c)(2). The Court must then turn to the second step of the inquiry, whether a sentencing reduction is warranted considering the factors in 18 U.S.C. § 3553(a) and whether "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

In considering the nature and circumstances of the offense, the Defendant asks the Court to consider that as "[s]evere as [his] offense conduct may have been, undoubtedly it did not surpass, and often pales in comparison to, the reprehensible conduct of [other] defendant[s] granted sentence reductions under Amendment 782." (Def.'s Mot. at 10.) He continues that "[t]he nature and circumstances of [his] offense conduct should not deter [the Court] from granting him a reduction in sentence." (Def.'s Mot. at 10.) Additionally, Defendant argues that his post-

9

sentencing conduct supports a reduced sentence; at the beginning of his incarceration, he had eighteen incident reports "mostly of a minor nature and typically involving refusals to obey orders or insolence to staff," but in the past nineteen years, Defendant received citations for only two incidents. (Def.'s Mot. at 13-14.) Defendant contends that "[t]he absen[ce] of disciplinary actions, along with an impressive record of educational achievement and self-improvement is substantive proof of [his] change." (Def.'s Mot. at 13.) Defendant provided the Court with lists of the psychological services and educational courses he took advantage of. (See Def.'s Mot., Ex. B.) Defendant argues that the sentencing factor addressing public safety considerations weighs in favor of a reduced sentence, as he has made significant efforts to disassociate from any organized crime contacts. (See Def.'s Mot. 15-16.) Further, Defendant provides examples of individuals who received reduced sentences that Defendant characterizes as "instances of offense conduct more egregious than that committed in [his] case, and by defendants whose past records of criminal activity far exceeded that of [his]." (Def.'s Mot. at 16.)

In response, the Government asks the Court not to disturb Defendant's life sentence, emphasizing that at sentencing this Court "found that the murder and attempted murders were aggravating circumstances under the Guidelines, but concluded that an upward

departure was unnecessary because the defendant was already subject to a Guidelines range that included life." (See Gov't's Opp. at 5 n.3.)  The Government states that "Amendment 782 does nothing to undermine the policy considerations underlying the original sentence, including the need to reflect the seriousness of the crime, promote respect for the law and provide just punishment for the offense." (Gov't's Opp. at 5.)  Additionally, the Government characterizes the instances Defendant cited as support for avoiding disparate sentences as less egregious than the instant matter.  (See Gov't's Opp. at 6.)

The Court has thoroughly reviewed the submissions from Defendant and the Government and considered both in detail.  In addition, the Court acknowledges the limited parameters accorded under § 3582(c).  The Court exercises its discretion and reserves its decision on Defendant's motion.  The Court orders a hearing for the purposes of determining whether reduction of Defendant's sentence is appropriate, during which the Court will hear argument regarding the second portion of the § 3582 inquiry discussed above. Since Defendant is proceeding pro se and in forma pauperis, the Court finds that appointment of counsel is arranted for purposes of the hearing.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the parties are directed to appear for an evidentiary hearing at a

11

future date set by the Court.  The Court hereby appoints Joseph W. Ryan, Jr., Esq., for the purposes of the hearing.  Mr. Ryan shall contact Defendant forthwith.  The Clerk of the Court is directed to mail a copy of this Order to the pro se Defendant and to Joseph W. Ryan, Jr., Esq., at his address noted below.

                              SO ORDERED.

                              /s/ JOANNA SEYBERT_____
                              Joanna Seybert, U.S.D.J.

Dated:    November __1__, 2018
           Central Islip, New York